IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| APPLICATION OF § | MISCELLANEOUS |
| TINSEL GROUP S.A. § | Action No. _____ |
| FOR AN ORDER DIRECTING § | |
| DISCOVERY IN AID OF FOREIGN § | |
| PROCEEDING PURSUANT TO § | |
| 28 U.S.C. § 1782 § | |

## APPLICATION OF TINSEL GROUP S.A. FOR AN ORDER DIRECTING DISCOVERY IN AID OF FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1. Tinsel Group S.A. ("Tinsel") files this application for an order pursuant to 28 U.S.C. § 1782 authorizing it to issue and serve subpoenas for documents and testimony on respondents the Nova Trust ("Nova"), Mario Alberto Loya ("Mario Loya," individually and as trustee of Nova), Sentinel Trust Co. ("Sentinel") and Planck Investments L.P. ("Planck") in the form attached as Exhibit A. Tinsel seeks to use this discovery in Case No. 389593/2011/2034, In the District Court of Rotterdam, in the Netherlands (the "Dutch Litigation"). This Court (Judge Hittner) previously authorized discovery in the same Dutch Litigation in In re Application of Planck Investments, L.P., 4:12-mc-271. Judge Hittner's order is attached as Exhibit B.

### I. BACKGROUND

2. The Dutch Litigation concerns a dispute between Planck on the one hand and Tinsel, Stichting Tinsel Group ("Stichting Tinsel"), Vitol Holding II S.A. ("Vitol"), and Jacobus Gerardus Sterken on the other hand about whether Planck is entitled to profits of Vitol after 2010.

3. Planck is wholly owned, through a limited partnership interest, by Nova, which was created by an executive of Vitol Inc., Miguel Angel Loya ("Mike Loya") and his then-

       wife Leticia Bernadette Loya, for the benefit of their children. Employees of Vitol-related companies are awarded an economic entitlement to profit-sharing classes of shares in Vitol through depositary receipts for shares in Vitol, and, starting in 2006, U.S. employees of Vitol-related companies are awarded depositary receipts for profit-sharing classes of shares in Tinsel that represent certain underlying classes of shares in Vitol, and they therefore receive a certain portion of the profits of Vitol.

4. Mike Loya, an employee of Vitol Inc. in Houston, Texas, assigned a portion of his economic entitlement to the shares in Vitol, and after 2006, in Tinsel, to Planck. At the end of 2010, Vitol and Tinsel decided to disallow, from that point forward, the employee assignment of economic entitlement to shares in Vitol or Tinsel to, amongst others, family trusts. Also, after 2010, Mike Loya did not assign any additional economic entitlement to shares in Tinsel to Planck. Planck contends in the Dutch litigation that the depositary receipts for shares in Tinsel that it holds entitle it to receive profits of Vitol on a future and permanent basis, and that the decision by Vitol and Tinsel to disallow assignments was procedurally faulty. Tinsel and the other defendants contend, in short, that Planck only has a right to participate in the profits of Vitol until 2010 an ownership interest now worth approximately $149 million.

5. Mario Loya, the brother of Mike Loya, is the trustee for Nova. He is a resident of Connecticut, and his home address is 253 Riverside Ave, Westport CT 06880. By agreement, Mario Loya and Nova can be served via their attorney, John Porter, Baker Botts, LLP, 910 Louisiana St, Houston, TX 77002.

6. Sentinel represents itself to be the Trust Protector of Nova, which is the owner of Planck. Nova's beneficiaries are the indirect beneficiaries of the distributions Planck receives on

the depositary receipts for shares in Tinsel. Sentinel can be served by its officer Fort Flowers, at 2001 Kirby Drive, Suite 1200, Houston, Texas 77019.

7. Planck is a Texas limited partnership with its place of business at 510 Bering Drive, Suite 230, Houston, Texas 77057. Service can be made on Planck's registered agent, CT Corporation, 350 N. St. Paul St., Ste 2900, Dallas, TX 75201-4234.

8. Tinsel is a Luxembourg corporation.

## II. LEGAL STANDARD

9. 28 U.S.C. § 1782 permits interested parties to seek testimony and documents from U.S. individuals and companies "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). A district court in which a person "resides or is found" may issue the order. *Id*.

10. In *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004), the Supreme Court set out the factors for deciding whether to grant a § 1782 application, provided that the applicant meets the statutory requirements: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding and so could be ordered to produce evidence by the foreign court; (2) the nature and character of the foreign proceedings and whether the foreign tribunal would be receptive to the discovery sought in the U.S.; (3) whether the U.S. proceedings are an attempt to "circumvent foreign proof-gathering restrictions"; and (4) whether the requests are overly broad or burdensome. The Federal Rules of Civil Procedure govern the scope of discovery requests made under § 1782. 28 U.S.C. § 1782(a).

## III.   THE SECTION 1782 REQUIREMENTS ARE MET AS TO EACH RESPONDENT

11. As a defendant in the Dutch Litigation, Tinsel is an "interested party" pursuant to § 1782, and Tinsel requests this discovery for use in the Dutch Litigation.

12. Sentinel and Planck are each found in this district because each has an office in this district.  Further, Planck has appeared in this proceeding.  Nova and Loya are found in this district because each does business in this district related to Planck.

13. Sentinel, Loya, and Nova are not parties to the Dutch Litigation.  Planck is a party to the Dutch Litigation, but § 1782 discovery is nonetheless proper from Planck because Planck has already requested U.S. discovery in this matter.  Discovery permitted under § 1782 should promote equitable procedures.  *See, e.g., In re Edelman*, 295 F.3d 171, 181 (2d Cir. 2002).  Where a party has already requested discovery through § 1782, reciprocal discovery should also be allowed *against* that party, even if that party is a participant in the foreign proceedings.  *See id*.

14. In granting Planck's § 1782 application, the Court already determined that the Dutch court would be receptive to discovery sought in the U.S.  *See* Exhibit B.  Further, the Dutch court ruled that Dutch law did not prohibit Planck's § 1782 proceedings, so the Dutch court would likely rule the same way with respect to Tinsel's § 1782 application.

15. Tinsel does not seek this discovery to circumvent foreign proof-gathering restrictions but simply to obtain reciprocal discovery from Planck and obtain discovery from other U.S. entities.  Planck sued Tinsel in the Netherlands and then sought U.S. discovery through proceedings in this court.  Tinsel, the defendant in the Dutch Litigation, is seeking to have the same rules applied to Planck and individuals and entities related to Planck so that each side has equal access to information located in the United States.

16. The requests are not overly broad or burdensome. The requests are limited to governing documents, the respondents' communications with a small number of parties about Vitol and Tinsel, how the relevant parties treated income from Tinsel for tax purposes, attorney fee statements to test proof of attorney fee claims in the Dutch Litigation, other documents in the respondents' possession concerning Tinsel and Vitol, and Sentinel's authority as trust protector for Nova to prosecute this litigation on behalf of Planck. It is unlikely that any of the respondents would have had significant communications or other documents about Vitol or Tinsel on matters unrelated to the Dutch Litigation.

Respectfully submitted,

VINSON & ELKINS L.L.P.

By: /s/ Patrick W. Mizell_____
    Patrick W. Mizell
    Attorney-in-Charge
     State Bar No. 14233980
     S.D. Tex. No. 36390
    Deborah C. Milner
     State Bar No. 24065761
     S.D. Tex. No. 971677
    Vinson & Elkins L.L.P.
    1001 Fannin Street, Suite 2300
    Houston, Texas 77002
    Telephone: 713.758.2932
    Telecopy: 713.615.5912

    **ATTORNEYS FOR TINSEL GROUP S.A.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 5, 2013, I electronically served this document on all counsel of record via the Court's CM/ECF system.

                                              /s/ Deborah C. Milner
                                              Deborah C. Milner