# EXHIBIT A

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Tinsel Group S.A. | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No. |
| | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                Sentinel Trust Co.

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Exhibit 1

| Place: Andrews & Kurth LLP<br>600 Travis, Suite 4200<br>Houston, TX  77002 | Date and Time:<br><br>01/28/2014 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically and by video

☐ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

_CLERK OF COURT_

OR

_____                    _____
_Signature of Clerk or Deputy Clerk_                        _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>EXHIBIT 1:  Topics for Deposition of Sentinel Trust Co.</u>

### <u>INSTRUCTIONS</u>

1.      The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to these topics.

2.      The conjunctive shall include the disjunctive, and the disjunctive the conjunctive, where the effect is to increase the information responsive to these topics.

3.      Unless otherwise specified, these topics relate to January 1, 2005 to present.

### <u>DEFINITIONS</u>

1.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, including, but not limited to: Documents (as that word is defined herein), correspondence, personal conversations, telephone calls, facsimiles, e-mail or other electronic communications, dialogues, discussions, interviews, consultations, telegrams, memoranda, agreements, or other understandings.

2.      The terms "relate to," "related to," "and "relating to," shall mean mentioning, comprising, consisting, indicating, describing, reflecting, referring, evidencing, regarding, pertaining to, showing, discussing, connected with, memorializing or involving in any way whatsoever the subject matter of the request, including having a legal, factual, or logical connection, relationship, correlation, or association with the subject matter of the request.  A Document may "relate to" an individual or entity without specifically mentioning or discussing that individual or entity by name.

3.      "Planck" refers to Planck Investments L.P. and its present and former partners, agents, employees and others acting on its behalf.

4.      "Tinsel" refers to Tinsel Group S.A. and Stichting Tinsel Group, individually and collectively.

5.      "You," "Your," and "Sentinel" refer to Sentinel Trust Co. and its present and former directors, officers, employees, agents, and others acting on its behalf.

6.       "Nova" refers to the Nova Trust and its present and former trustees, agents, and others acting on its behalf, except Sentinel.

7.      "Vitol" refers to Vitol Holding II S.A. and Stichting Administratiekantoor Vitol Holding II, individually and collectively.

8.      "Dutch Litigation" refers to *In the matter of Planck Investments LP v. Stichting Tinsel Group*, Case No. 389593/2011/2034, in the District Court of Rotterdam.

9.      "Documents" as used herein shall be construed to the full extent of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, and shall include all papers, books, accounts, drawings,

graphs, charts, photographs, electronic or videotape recordings, e-mails, all other electronically-stored information, data, and data compilations.

## TOPICS

1.      Communications between You and Nova (including Communications to or from attorneys for You or Nova) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

2.      Communications between You and Planck (including Communications to or from attorneys for You or Planck) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

3.      Your authority to act on Nova's or Planck's behalf in the Dutch Litigation.

4.      Communications between You and Mario Alberto Loya (including Communications to or from attorneys for You or Mario Alberto Loya) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

5.      Communications between You and Villiers Holdings, LLC (including Communications to or from attorneys for You or Villiers Holdings, LLC) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

6.      Communications between You and any beneficiaries of Nova (including Communications to or from attorneys for You or any beneficiaries of Nova) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

7.      Communications between You and Leticia Bernadette Loya (including Communications to or from attorneys for You or Leticia Bernadette Loya) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

8.      The value of Planck's interest in Tinsel, Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

9.      The structure of Tinsel and Vitol.

10.     Lawrence B. Gibbs's retention and/or work related to the Dutch Litigation, including his advice on the structure of Vitol, Tinsel, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

11.     PriceWaterhouseCoopers' and Prof. Holterman's retention and/or work related to the Dutch Litigation, including but not limited to any valuations or loss reports.

12.     The tax liabilities related to Nova's interest in Planck and Planck's interest in Tinsel and/or Vitol, and/or income from the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

13.     The value and/or profit-sharing rights of the depositary receipts for shares in Vitol that Planck transferred to Stichting Tinsel Group.

14.     The 2009 conversion of 75 class S1 shares in the capital of Tinsel for which Planck held depositary receipts.

15.     Communications between You and Tinsel or Vitol, including Communications with any officer, director, employee, agent, or other representative thereof.

16.     The 2011 conversion of 375 class S1 and 75 class RS1-2008 shares in the capital of Tinsel for which Planck held depositary receipts.

17.     The depositary receipts held by Planck for shares in the capital of Tinsel and/or Vitol.

18.     The tax advice and tax opinions You received in relation to Tinsel, Vitol, Nova's interest in Planck, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

19.     The attorneys' fees and other costs Planck claims in the Dutch Litigation.

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Tinsel Group S.A. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Sentinel Trust Co.

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1

| Place: Vinson & Elkins LLP<br>    1001 Fannin Street, Suite 2500<br>    Houston, TX 77002 | Date and Time:<br><br>    01/13/2014 5:00 pm |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

            _CLERK OF COURT_

                                          OR

_____          _____
    _Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1:  Documents Requested from Sentinel Trust Co.

## INSTRUCTIONS

1.      These requests reach all information and Documents within Your "possession, custody, or control" rather than information and Documents within Your immediate possession.  These requests therefore reach information and Documents in the immediate possession of agents, professionals, advisers, consultants, and affiliated companies, including parent companies, to the extent the information and Documents are within Your possession, custody, or control under applicable rules and law.

2.      Responsive Documents shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond with the categories in this request.  If there are no Documents responsive to a particular category, respondent shall so state in writing.

3.      Any Documents which exist in an electronic, magnetic, or computer data format should be produced on CD-ROMs, DVD-ROMs, or other reasonably accessible portable media.  The Documents shall be produced in their native format along with a description of the programs used to create the Document and that can be used to view the data.

4.      The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to these Document requests.

5.      The conjunctive shall include the disjunctive, and the disjunctive the conjunctive, where the effect is to increase the information responsive to these Document requests.

6.      If information is withheld under a claim of privilege, please furnish a privilege log.

7.      Unless otherwise specified, these requests relate to January 1, 2005 to present.

## DEFINITIONS

1.      "Documents" as used herein shall be construed to the full extent of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, and shall include all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, e-mails, all other electronically-stored information, data, and data compilations.

2.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, including, but not limited to: Documents (as that word is defined herein), correspondence, personal conversations, telephone calls, facsimiles, e-mail or other electronic communications, dialogues, discussions, interviews, consultations, telegrams, memoranda, agreements, or other understandings.

3.      The terms "relate to," "related to," "and "relating to," shall mean mentioning, comprising, consisting, indicating, describing, reflecting, referring, evidencing, regarding, pertaining to, showing, discussing, connected with, memorializing or involving in any way whatsoever the subject matter of the request, including having a legal, factual, or logical connection, relationship, correlation, or association with the subject matter of the request.  A

Document may "relate to" an individual or entity without specifically mentioning or discussing that individual or entity by name.

4.      "Planck" refers to Planck Investments L.P. and its present and former partners, agents, employees and others acting on its behalf.

5.      "Tinsel" refers to Tinsel Group S.A. and Stichting Tinsel Group, individually and collectively.

6.      "You," "Your," and "Sentinel" refer to Sentinel Trust Co. and its present and former directors, officers, employees, agents, and others acting on its behalf.

7.      "Nova" refers to the Nova Trust and its present and former trustees, agents, and others acting on its behalf, except Sentinel.

8.      "Vitol" refers to Vitol Holding II S.A. and Stichting Administratiekantoor Vitol Holding II, individually and collectively.

9.      "Dutch Litigation" refers to *In the matter of Planck Investments LP v. Stichting Tinsel Group*, Case No. 389593/2011/2034, in the District Court of Rotterdam.

10.      "Mario Loya" refers to Mario Alberto Loya and any person or entity acting on his behalf.


## REQUESTS FOR PRODUCTION

1.      Please produce all Communications between You and Nova (including Communications to or from attorneys for You or Nova) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

2.      Please produce all Communications between You and Planck (including Communications to or from attorneys for You or Planck) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

3.      Please produce Documents sufficient to show Sentinel's authority to act on behalf of Nova and Planck (including in the Dutch Litigation), and/or on behalf of Villiers Holdings, LLC and Mario Loya, and Documents sufficient to show the legal relationship between Sentinel on the one hand, and Planck, Nova, Villiers Holdings, LLC and/or Mario Loya on the other hand.

4.      Please produce all Communications between You and Mario Loya (including Communications to or from attorneys for You or Mario Loya) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

5.      Please produce all Communications between You and any beneficiaries of Nova (including Communications to or from attorneys for You or the beneficiaries of Nova) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

6.      Please produce all Communications between You and Villiers Holdings, LLC (including Communications to or from attorneys for You or for Villiers Holdings, LLC) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

7.      Please produce Your engagement letters with Andrews Kurth and Lawrence Cohen relating to the Dutch Litigation and/or U.S. proceedings related to the Dutch Litigation.

8.      Please produce all Communications between You, Nova, Planck, Mario Loya,  and/or Villiers Holdings, LLC, on the one hand, and Stichting Tinsel Group, Tinsel Group S.A., Stichting Administratiekantoor Vitol Holding II, and/or Vitol Holding II S.A. (including Communications to or from attorneys for You, Nova, Planck, Mario Loya, Villiers Holdings, LLC, Stichting Tinsel Group, Tinsel Group S.A., Stichting Administratiekantoor Vitol Holding II, or Vitol Holding II S.A) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

9.      Please produce all Communications between You and Planck, Nova, Mario Loya, and/or Villiers Holdings, LLC, (including Communications to or from attorneys for You, Nova, Mario Loya, Planck or Villiers Holdings, LLC) relating to taxes owed by Nova or by Planck on direct or indirect income from Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

10.     Please produce all Communications with the Internal Revenue Service from or to You, Planck, Nova, Villiers Holdings, LLC, and/or Mario Loya regarding the tax liabilities or potential tax liabilities of Planck and/or Nova.

11.     Please produce all Communications between You and Miguel Angel Loya, Leticia Bernadette Loya, Keith Swaby, Gilbert Widmer, Jacques Sterken, or any employee of Vitol or Vitol, Inc. regarding Tinsel, Vitol, Nova's interest in Planck, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

12.     Please produce all Documents relating to the value and/or profit-sharing rights of the depositary receipts for shares in Vitol that Planck transferred to Stichting Tinsel Group.

13.     Please produce all Communications related to the 2009 conversion of 75 class S1 shares in the capital of Tinsel for which Planck held depositary receipts.

14.     Please produce all tax advice or tax opinions received regarding Nova, Planck, Vitol, Tinsel, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck .

15.     Please produce all bills and/or invoices relating to the attorneys' and adviser's fees and other costs You or Planck have incurred in the Dutch Litigation, including invoices from

Andrews & Kurth LLP, Lawrence Cohen, Pels Rijcken & Droogleever Fortuijn N.V., Lawrence Gibbs, and PriceWaterhouseCoopers.

16.     Please produce all Communications related to the 2011 conversion of 375 class S1 and 75 class RS1-2008 shares in the capital of Tinsel for which Planck held depositary receipts.

17.     Please produce all federal and state tax returns for Nova, Planck and Villiers Holdings, LLC from 2005 to the present.

18.     Please produce the Trust Instrument of Settlement for Nova, and any amendments thereto.

19.     Please produce the Articles of Incorporation for Villiers Holdings, LLC, its Regulations or Bylaws, and any amendments or additions thereto.

20.     Please produce the Limited Partnership Agreement for Planck and any amendments thereto.

21.     Please produce all Documents obtained from Planck, Nova, Mario Loya, Miguel Angel Loya, Leticia Bernadette Loya or any beneficiaries of Nova relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck, whether through previous legal proceedings or any other source.  Included in this request are all documents obtained in discovery in the Loya divorce, including documents with Bates number prefixes "LBL," "2ML," "ML," and "VITOL."

21.     Please produce all Documents in Your possession purporting to be created or authored by any employee or agent of Tinsel, Vitol, Ernst & Young, and Howard Frazier Barker Elliot.

22.     Please produce all Documents relating to Planck's interest in Tinsel and/or Vitol and/or to the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

23.     Please produce all Documents related to the tax liabilities related to Nova's interest in Planck, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

24.     Please produce the deposition of Miguel Angel Loya dated March 11, 2009.

25.     Please produce the Documents in Your possession that were produced to any party in the divorce proceedings between Miguel Angel Loya and Leticia Bernadette Loya that are marked with the Bates number prefix "NT".

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Tinsel Group S.A. | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No. |
| | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                               Planck Investments, L.P.

_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1

| Place: Vinson & Elkins LLP | Date and Time: |
|---|---|
| 1001 Fannin Street, Suite 2500 Houston, TX 77002 | 01/13/2014 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

_CLERK OF COURT_

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                  _____
                                                              *Server's signature*

                                                         _____
                                                              *Printed name and title*

                                                         _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1:  Documents Requested from Planck Investments L.P.**

**INSTRUCTIONS**

1.      These requests reach all information and Documents within Your "possession, custody, or control" rather than information and Documents within Your immediate possession.  These requests therefore reach information and Documents in the immediate possession of agents, professionals, advisers, consultants, and affiliated companies, including parent companies, to the extent the information and Documents are within Your possession, custody, or control under applicable rules and law.

2.      Responsive Documents shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond with the categories in this request.  If there are no Documents responsive to a particular category, respondent shall so state in writing.

3.      Any Documents which exist in an electronic, magnetic, or computer data format should be produced on CD-ROMs, DVD-ROMs, or other reasonably accessible portable media.  The Documents shall be produced in their native format along with a description of the programs used to create the Document and that can be used to view the data.

4.      The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to these Document requests.

5.      The conjunctive shall include the disjunctive, and the disjunctive the conjunctive, where the effect is to increase the information responsive to these Document requests.

6.      If information is withheld under a claim of privilege, please furnish a privilege log.

7.      Unless otherwise specified, these requests relate to January 1, 2005 to present.

**DEFINITIONS**

1.      "Documents" as used herein shall be construed to the full extent of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, and shall include all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, e-mails, all other electronically-stored information, data, and data compilations.

2.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, including, but not limited to: Documents (as that word is defined herein), correspondence, personal conversations, telephone calls, facsimiles, e-mail or other electronic communications, dialogues, discussions, interviews, consultations, telegrams, memoranda, agreements, or other understandings.

3.      The terms "relate to," "related to," "and "relating to," shall mean mentioning, comprising, consisting, indicating, describing, reflecting, referring, evidencing, regarding, pertaining to, showing, discussing, connected with, memorializing or involving in any way whatsoever the subject matter of the request, including having a legal, factual, or logical connection, relationship, correlation, or association with the subject matter of the request.  A

Document may "relate to" an individual or entity without specifically mentioning or discussing that individual or entity by name.

4.      "You," "Your," and "Planck" refer to Planck Investments L.P. and its present and former partners, agents, employees and others acting on its behalf.

5.      "Tinsel" refers to Tinsel Group S.A. and Stichting Tinsel Group, individually and collectively.

6.      "Sentinel" refers to Sentinel Trust Co. and its present and former directors, officers, employees, agents, and others acting on its behalf.

7.      "Nova" refers to the Nova Trust and its present and former trustees, agents, and others acting on its behalf, except Sentinel.

8.      "Vitol" refers to Vitol Holding II S.A. and Stichting Administratiekantoor Vitol Holding II, individually and collectively.

9.      "Dutch Litigation" refers to *In the matter of Planck Investments LP v. Stichting Tinsel Group*, Case No. 389593/2011/2034, in the District Court of Rotterdam.

10.      "Mario Loya" refers to Mario Alberto Loya and others acting on his behalf.


## REQUESTS FOR PRODUCTION

1.      Please produce all Communications between You and Nova (including Communications to or from attorneys for You or Nova) relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

2.      Please produce all Communications between You and Sentinel (including Communications to or from attorneys for You or Sentinel) relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

3.      Please produce Documents sufficient to show Sentinel's authority to act on Your behalf (including in the Dutch Litigation), and/or on behalf of Nova, Villiers Holdings, LLC, and/ or Mario Loya, and Documents sufficient to show the legal relationship between Sentinel on the one hand, and You, Nova, Villiers Holdings, LLC and/or Mario Loya on the other hand.

4.      Please produce all Communications between You and Mario Loya (including Communications to or from attorneys for You or Mario Loya) relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

5.      Please produce all Communications between You and Mario Loya, Villiers Holdings, LLC, Nova and/or Sentinel (including Communications to or from attorneys for You, Mario

Loya, Villiers Holdings, LLC, or Sentinel) relating to taxes owed by You or by Nova on direct or indirect income from  Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

6.      Please produce all Communications between You and any beneficiaries of Nova (including Communications to or from attorneys for You or any beneficiaries of Nova) relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

7.      Please produce all Communications between You and Villiers Holdings, LLC (including Communications to or from attorneys for You or Villiers Holdings, LLC) relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

8.      Please produce all Communications between You, Nova, Sentinel, Mario Loya, and/or Villiers Holdings, LLC, on the one hand, and Stichting Tinsel Group, Tinsel Group S.A., Stichting Administratiekantoor Vitol Holding II, and/or Vitol Holding II S.A. (including Communications to or from attorneys for You, Nova, Sentinel, Mario Loya, Villiers Holdings, LLC, Stichting Tinsel Group, Tinsel Group S.A., Stichting Administratiekantoor Vitol Holding II, or Vitol Holding II S.A.) on the other hand relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

9.      Please produce Your engagement letters with Andrews Kurth and Lawrence Cohen relating to the Dutch Litigation and/or U.S. proceedings related to the Dutch Litigation.

10.     Please produce Your Limited Partnership Agreement and any amendments thereto.

11.     Please produce Your federal and state tax returns for 2005 to present.

12.     Please produce all Documents obtained from Mario Loya, Miguel Angel Loya, Leticia Loya or any beneficiaries of Nova relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You, whether through previous legal proceedings or any other source.  Included in this request are all documents obtained in discovery in the Loya divorce, including documents with Bates number prefixes "LBL," "2ML," "ML," and "VITOL."

13.     Please produce all Documents in Your possession purporting to be created or authored by any employee or agent of Tinsel, Vitol, Ernst & Young, and Howard Frazier Barker Elliot.

14.     Please produce all Communications with the Internal Revenue Service from or to You, Nova, Villiers Holdings, LLC, Mario Loya, and/or Sentinel regarding the tax liabilities or potential tax liabilities of Planck and/or Nova.

15.     Please produce all Communications between You and Miguel Angel Loya, Leticia Bernadette Loya, Keith Swaby, Gilbert Widmer, Jacques Sterken, or any employee of the Vitol group regarding Nova's interest in You, Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

16.     Please produce all Documents relating to the value and/or profit-sharing rights of the depositary receipts for shares in Vitol that You transferred to Stichting Tinsel Group.

17.     Please produce all Communications related to the 2009 conversion of 75 class S1 shares in the capital of Tinsel for which You held depositary receipts.

18.     Please produce all Communications related to the 2011 conversion of 375 class S1 and 75 class RS1-2008 shares in the capital of Tinsel for which You held depositary receipts.

19.     Please produce all bills and/or invoices relating to the attorneys' and adviser's fees and other costs You have incurred in the Dutch Litigation, including invoices from Andrews & Kurth, LLP, Lawrence Cohen, Pels Rijcken & Droogleever Fortuijn N.V., Lawrence Gibbs, and PriceWaterhouseCoopers.

20.     Please produce all Documents relating to Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

21.     Please produce the deposition of Miguel Angel Loya dated March 11, 2009.

22.     Please produce the Documents in Your possession that were produced to any party in the divorce proceedings between Miguel Angel Loya and Leticia Bernadette Loya that are marked with the Bates number prefix "NT."

23.     Please produce all tax advice and/or tax opinions received regarding You, Nova, Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

24.     Please produce the Trust Instrument of Settlement for Nova, and any amendments thereto.

25.     Please produce the Articles of Incorporation for Villiers Holdings, LLC, its Regulations or Bylaws, and any amendments or additions thereto.

26.     Please produce all Documents related to the tax liabilities related to Nova's interest in You and Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Tinsel Group S.A. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                          Nova Trust

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1

| Place: Vinson & Elkins LLP<br>        1001 Fannin Street, Suite 2500<br>        Houston, TX 77002 | Date and Time:<br><br>      01/13/2014 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1:  Documents Requested from the Nova Trust

## INSTRUCTIONS

1.      These requests reach all information and Documents within Your "possession, custody, or control" rather than information and Documents within Your immediate possession.  These requests therefore reach information and Documents in the immediate possession of agents, professionals, advisers, consultants, and affiliated companies, including parent companies, to the extent the information and Documents are within Your possession, custody, or control under applicable rules and law.

2.      Responsive Documents shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond with the categories in this request.  If there are no Documents responsive to a particular category, respondent shall so state in writing.

3.      Any Documents which exist in an electronic, magnetic, or computer data format should be produced on CD-ROMs, DVD-ROMs, or other reasonably accessible portable media.  The Documents shall be produced in their native format along with a description of the programs used to create the Document and that can be used to view the data.

4.      The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to these Document requests.

5.      The conjunctive shall include the disjunctive, and the disjunctive the conjunctive, where the effect is to increase the information responsive to these Document requests.

6.      If information is withheld under a claim of privilege, please furnish a privilege log.

7.      Unless otherwise specified, these requests relate to January 1, 2005 to present.

## DEFINITIONS

1.      "Documents" as used herein shall be construed to the full extent of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, and shall include all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, e-mails, all other electronically-stored information, data, and data compilations.

2.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, including, but not limited to: Documents (as that word is defined herein), correspondence, personal conversations, telephone calls, facsimiles, e-mail or other electronic communications, dialogues, discussions, interviews, consultations, telegrams, memoranda, agreements, or other understandings.

3.      The terms "relate to," "related to," "and "relating to," shall mean mentioning, comprising, consisting, indicating, describing, reflecting, referring, evidencing, regarding, pertaining to, showing, discussing, connected with, memorializing or involving in any way whatsoever the subject matter of the request, including having a legal, factual, or logical connection, relationship, correlation, or association with the subject matter of the request.  A

Document may "relate to" an individual or entity without specifically mentioning or discussing that individual or entity by name.

4.      "Planck" refers to Planck Investments L.P. and its present and former partners, agents, employees and others acting on its behalf.

5.      "Tinsel" refers to Tinsel Group S.A. and Stichting Tinsel Group, individually and collectively.

6.      "Sentinel" refers to Sentinel Trust Co. and its present and former directors, officers, employees, agents, and others acting on its behalf.

7.      "You," "Your," and "Nova" refer to the Nova Trust and its present and former trustees, agents, and others acting on its behalf, except Sentinel.

8.      "Vitol" refers to Vitol Holding II S.A. and Stichting Administratiekantoor Vitol Holding II, individually and collectively.

9.      "Dutch Litigation" refers to *In the matter of Planck Investments LP v. Stichting Tinsel Group*, Case No. 389593/2011/2034, in the District Court of Rotterdam.

10.     "Mario Loya" refers to Mario Alberto Loya and others acting on his behalf.


## REQUESTS FOR PRODUCTION

1.      Please produce all Communications between You and Sentinel (including Communications to or from attorneys for You or Sentinel) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

2.      Please produce all Communications between You and Your beneficiaries (including Communications to or from attorneys for You or Your beneficiaries) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

3.      Please produce all Communications between You and Mario Loya (including Communications to or from attorneys for You or Mario Loya) relating to Tinsel, Vitol,  Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

4.      Please produce all Communications between You and Villiers Holdings, LLC (including Communications to or from attorneys for You or Villiers Holdings, LLC) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

5.     Please produce all Communications between You and Planck (including Communications to or from attorneys for You or Planck) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

6.     Please produce Documents sufficient to show Sentinel's authority to act on Your behalf (including in the Dutch Litigation), and/or on behalf of Planck, Villiers Holdings, LLC, and/or Mario Loya, and Documents sufficient to show the legal relationship between Sentinel on the one hand, and You, Planck, Villiers Holdings, LLC and/or Mario Loya on the other hand.

7.     Please produce all Communications between You, Mario Loya, Villiers Holdings, LLC, Sentinel, and/or Planck on the one hand, and Stichting Tinsel Group, Tinsel Group S.A., Stichting Administratiekantoor Vitol Holding II and/or Vitol Holding II S.A. on the other hand (including Communications to or from attorneys for You, Mario Loya, Villiers Holdings, LLC, Sentinel, Planck, Stichting Tinsel Group, Tinsel Group S.A., Stichting Administratiekantoor Vitol Holding II or Vitol Holding II S.A.) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

8.     Please produce all Communications between You and Mario Loya, Planck, Villiers Holdings, LLC, and/or Sentinel (including Communications to or from attorneys for You, Mario Loya, Planck, Villiers Holdings, LLC, or Sentinel) relating to taxes owed by You or by Planck on direct or indirect income from Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

9.     Please produce all Communications with the Internal Revenue Service from or to Planck, Villiers Holdings, LLC, Mario Loya, Nova, and/or Sentinel regarding the tax liabilities or potential tax liabilities of Planck and/or Nova.

10.     Please produce all Communications between You and Miguel Angel Loya, Leticia Bernadette Loya, Keith Swaby, Gilbert Widmer, Jacques Sterken, or any other employee of the Vitol group regarding Tinsel, Vitol, Your interest in Planck, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

11.     Please produce all Documents relating to the value and/or profit-sharing rights of the depositary receipts for shares in Vitol that Planck transferred to Stichting Tinsel Group.

12.     Please produce all Communications related to the 2009 conversion of 75 class S1 shares in the capital of Tinsel for which Planck held depositary receipts.

13.     Please produce all Communications related to the 2011 conversion of 375 class S1 and 75 class RS1-2008 shares in the capital of Tinsel for which Planck held depositary receipts.

14.     Please produce all tax advice and/or tax opinions received regarding Planck, Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

15.     Please produce the Trust Instrument of Settlement for Nova, and any amendments thereto.

16.     Please produce the Articles of Incorporation for Villiers Holdings, LLC, its Regulations or Bylaws, and any amendments or additions thereto.

17.     Please produce the Limited Partnership Agreement for Planck and any amendments thereto.

18.     Please produce all federal and state tax returns for Nova, Planck, and Villiers Holdings, LLC from 2005 to the present.

19.     Please produce all Documents obtained from Mario Loya, Miguel Angel Loya, Leticia Bernadette Loya or any beneficiaries of Nova relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck, whether through previous legal proceedings or any other source.  Included in this request are all documents obtained in discovery in the Loya divorce, including documents with Bates number prefixes "LBL," "2ML," "ML," and "VITOL."

20.     Please produce all Documents in Your possession purporting to be created or authored by any employee or agent of Tinsel, Vitol, Ernst & Young, and Howard Frazier Barker Elliot.

21.     Please produce all Documents relating to Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

22.     Please produce all Documents related to the tax liabilities related to Your interest in Planck, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

23.     Please produce the deposition of Miguel Angel Loya dated March 11, 2009.

24.     Please produce the Documents in Your possession that were produced to any party in the divorce proceedings between Miguel Angel Loya and Leticia Bernadette Loya that are marked with the Bates number prefix "NT."

25.     Please produce all bills and/or invoices relating to the attorneys' and adviser's fees and other costs incurred in the Dutch Litigation, including invoices from Andrews & Kurth, LLP, Lawrence Cohen, Pels Rijcken & Droogleever Fortuijn N.V., Lawrence Gibbs, and PriceWaterhouseCoopers.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| Tinsel Group S.A. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Mario Loya

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1

| Place: Vinson & Elkins LLP<br>         1001 Fannin Street, Suite 2500<br>         Houston, TX 77002 | Date and Time:<br><br>01/13/2014 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

                *CLERK OF COURT*

                                        OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1:  Documents Requested from Mario Loya

## INSTRUCTIONS

1.      These requests reach all information and Documents within Your "possession, custody, or control" rather than information and Documents within Your immediate possession.  These requests therefore reach information and Documents in the immediate possession of agents, professionals, advisers, consultants, and affiliated companies, including parent companies, to the extent the information and Documents are within Your possession, custody, or control under applicable rules and law.

2.      Responsive Documents shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond with the categories in this request.  If there are no Documents responsive to a particular category, respondent shall so state in writing.

3.      Any Documents which exist in an electronic, magnetic, or computer data format should be produced on CD-ROMs, DVD-ROMs, or other reasonably accessible portable media.  The Documents shall be produced in their native format along with a description of the programs used to create the Document and that can be used to view the data.

4.      The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to these Document requests.

5.      The conjunctive shall include the disjunctive, and the disjunctive the conjunctive, where the effect is to increase the information responsive to these Document requests.

6.      If information is withheld under a claim of privilege, please furnish a privilege log.

7.      Unless otherwise specified, these requests relate to January 1, 2005 to present.

## DEFINITIONS

1.      "Documents" as used herein shall be construed to the full extent of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, and shall include all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, e-mails, all other electronically-stored information, data, and data compilations.

2.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, including, but not limited to: Documents (as that word is defined herein), correspondence, personal conversations, telephone calls, facsimiles, e-mail or other electronic communications, dialogues, discussions, interviews, consultations, telegrams, memoranda, agreements, or other understandings.

3.      The terms "relate to," "related to," "and "relating to," shall mean mentioning, comprising, consisting, indicating, describing, reflecting, referring, evidencing, regarding, pertaining to, showing, discussing, connected with, memorializing or involving in any way

whatsoever the subject matter of the request, including having a legal, factual, or logical connection, relationship, correlation, or association with the subject matter of the request.  A Document may "relate to" an individual or entity without specifically mentioning or discussing that individual or entity by name.

4.      "Planck" refers to Planck Investments L.P. and its present and former partners, agents, employees and others acting on its behalf.

5.      "Tinsel" refers to Tinsel Group S.A. and Stichting Tinsel Group, individually and collectively.

6.       "Sentinel" refers to Sentinel Trust Co. and its present and former directors, officers, employees, agents, and others acting on its behalf.

7.       "Nova" refers to the Nova Trust and its present and former trustees, agents, and others acting on its behalf, except Sentinel.

8.      "Vitol" refers to Vitol Holding II S.A. and Stichting Administratiekantoor Vitol Holding II, individually and collectively.

9.      "You" and "Your" refer to Mario Alberto Loya.

10.      "Dutch Litigation" refers to *In the matter of Planck Investments LP v. Stichting Tinsel Group*, Case No. 389593/2011/2034, in the District Court of Rotterdam.


## REQUESTS FOR PRODUCTION


1.      Please produce all Communications between You and Sentinel (including Communications to or from attorneys for You or Sentinel) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

2.      Please produce all Communications between You and Nova (including Communications to or from attorneys for You or Nova) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

3.      Please produce all Communications between You and any beneficiaries of Nova (including Communications to or from attorneys for or any beneficiaries of Nova) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

4.      Please produce all Communications between You and Planck (including Communications to or from attorneys for You or Planck) relating to Tinsel, Vitol, Planck's

interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

5.      Please produce all Communications between You and Villiers Holdings, LLC (including Communications to or from attorneys for You or Villiers Holdings, LLC) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

6.      Please produce all Communications between You and Planck, Nova, Villiers Holdings, LLC, and/or Sentinel (including Communications to or from attorneys for You, Nova, Planck, Villiers Holdings, LLC, or Sentinel) relating to taxes owed by Planck or by Nova on direct or indirect income from Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

7.      Please produce all Documents related to the tax liabilities related to Nova's interest in Planck and Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

8.      Please produce Documents sufficient to show Sentinel's authority to act on Your behalf (including  in the Dutch Litigation), and/or on behalf of Planck, Nova, and/or Villiers Holdings, LLC, and Documents sufficient to show the legal relationship between Sentinel on the one hand, and You, Planck, Nova, and/or Villiers Holdings, LLC on the other hand.

9.      Please produce all Communications between You, Planck, Nova, Villiers Holdings, LLC and/or Sentinel on the one hand, and Stichting Tinsel Group, Tinsel Group S.A., Stichting Administratiekantoor Vitol Holding II, and/or Vitol Holding II S.A. on the other hand (including Communications to or from attorneys for You, Planck, Nova, Villiers Holdings, LLC, Sentinel Stichting Tinsel Group, Tinsel Group S.A., Stichting Administratiekantoor Vitol Holding II, or Vitol Holding II S.A.) relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

10.     Please produce all Communications with the Internal Revenue Service from or to You, Planck, Villiers Holdings, LLC, Nova, or Sentinel regarding the tax liabilities or potential tax liabilities of Planck and/or Nova.

11.     Please produce all communications between You and Miguel Angel Loya, Leticia Bernadette Loya, Keith Swaby, Gilbert Widmer, Jacques Sterken, or any other employee of the Vitol group regarding Nova's interest in Planck, Tinsel, Vitol, Planck's interest in Tinsel, and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

12.     Please produce all Documents relating to the value and/or profit-sharing rights of the depositary receipts for shares in Vitol that Planck transferred to Stichting Tinsel Group.

13.     Please produce all Communications related to the 2009 conversion of 75 class S1 shares in the capital of Tinsel for which Planck held depositary receipts.

14.     Please produce all tax advice or tax opinions received regarding Nova, Planck, Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

15.     Please produce the Trust Instrument of Settlement for Nova, and any amendments thereto.

16.     Please produce the Articles of Incorporation for Villiers Holdings, LLC, its Regulations and Bylaws, and any amendments or additions thereto.

17.     Please produce the Limited Partnership Agreement for Planck and any amendments thereto.

18.     Please produce all federal and state tax returns for Nova, Planck, and Villiers Holdings, LLC, from 2005 to the present.

19.     Please produce all Documents obtained from Miguel Angel Loya, Leticia Bernadette Loya or any beneficiaries of Nova relating to Tinsel, Vitol, Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck, whether through previous legal proceedings or any other source.   Included in this request are all documents obtained in discovery in the Loya divorce, including documents with Bates number prefixes "LBL," "2ML," "ML," and "VITOL."

20.     Please produce all Documents in Your possession purporting to be created or authored by any employee or agent of Tinsel, Vitol, Ernst & Young, and Howard Frazier Barker Elliot.

21.     Please produce all Communications related to the 2011 conversion of 375 class S1 and 75 class RS1-2008 shares in the capital of Tinsel for which Planck held depositary receipts.

22.     Please produce all Documents relating to Planck's interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by Planck.

23.     Please produce the deposition of Miguel Angel Loya dated March 11, 2009.

24.     Please produce the Documents in Your possession that were produced to any party in the divorce proceedings between Miguel Angel Loya and Leticia Bernadette Loya that are marked with the Bates number prefix "NT."

25.     Please produce all bills and/or invoices relating to the attorneys' and adviser's fees and other costs incurred in the Dutch Litigation, including invoices from Andrews & Kurth, LLP, Lawrence Cohen, Pels Rijcken & Droogleever Fortuijn N.V., Lawrence Gibbs, and PriceWaterhouseCoopers.

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| Tinsel Group S.A. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                 Mario Loya

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Baker Botts LLP<br>910 Louisiana St., Houston, TX 77002 | Date and Time:<br>            01/29/2014 9:00 am |
|---|---|

The deposition will be recorded by this method:     Stenographically and by video

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

 

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                *CLERK OF COURT*

                                        OR

_____        _____

       *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).