UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| APPLICATION OF TINSEL GROUP, | § | |
| S.A. FOR AN ORDER DIRECTING | § | MISCELLANEOUS |
| DISCOVERY IN AID OF FOREIGN | § | Action No. 4:13-MC-02836 |
| PROCEEDING PURSUANT TO | § | |
| 28 U.S.C. § 1782 | § | |
| | § | |

SUBJECT TO ITS MOTION FOR PROTECTION,
PLANCK INVESTMENTS, L.P.'S OBJECTIONS TO SUBPOENA DUCES TECUM

Subject to and without waiving its Motion for Protective Order, and Motion to Modify Subpoenas Authorized Under 28 U.S.C. § 1782 to Exclude Any Request for Privileged Material ("Motion for Protection"), pursuant to Rules 26, 30 and 45 Planck Investments, L.P. ("Planck") serves the following Objections to Tinsel Group S.A.'s Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena").

GENERAL OBJECTIONS

1.      Planck objects to the Subpoena because it seeks to circumvent the proof-gathering restrictions of the Netherlands and incorporates herein by reference its Motion for Protection in its entirety.

2.      Planck objects to the Subpoena to the extent it seeks information that is protected by the attorney-client privilege, work product privilege and common interest doctrine.

3.      Planck objects to the Definitions and Instructions to the extent they seek to impose a greater burden than is permitted by the Federal Rules of Civil Procedure, and to the extent that they misstate facts and assume facts not in evidence.

4.      Planck objects that the Subpoena is over broad and  unduly burdensome under Fed. R. Civ. P. 26 and Fed. R. Civ. P. 45(c), and constitutes an impermissible fishing expedition to the extent that the Subpoena is not reasonably limited in scope or subject matter and seeks information that will not aid in the resolution of the claims and defenses of the parties to the underlying lawsuit.

5.      Planck objects to each request in the Subpoena to the extent it seeks documents that are equally or more readily available or accessible to parties in the action.

6.      Planck objects to each request in the Subpoena to the extent it seeks documents that are duplicates of documents sought from other subpoenaed parties, as such duplicative document production is unduly burdensome.

7.      Planck objects to each request in the Subpoena to the extent it purports to compel the production of documents that are subject to the Agreed Confidentiality Order signed by the Court in Cause No. 2008-24514, styled *In the Matter of the Marriage of Leticia B. Loya and Miguel Angel Loya and In the Interest of Michael Alexander Loya, Paul Andrew Loya, and Daniela Helene Loya and Vitol, Inc. aka Vitol, S.A., aka Vitol, S.A.* , In the District Court of Harris County, Texas 257th Judicial District ("Confidential Information").

8.      Planck objects to the production of all metadata associated with the electronically stored information produced in response to each request in the Subpoena, since the

HOU:3383480.1

production of all metadata for all electronically stored documents is overbroad, unduly burdensome and may contain privileged information.

9.      Planck objects to the production of electronically stored documents or information in native format, since production in this format precludes the use of Bates-numbers or other methods of specifically marking electronic documents for identification and authentication purposes, precludes the parties' ability to redact privileged information from electronic documents to be produced, and does not permit the application of proper confidentiality designations.

10.     Planck objects to the production of electronically stored documents or information contained in legacy systems or disaster recovery or other storage locations, and to production of deleted or fragmented data, on the grounds that such information is not reasonably accessible due to cost or burden.

11.     Planck objects to the Subpoena to the extent is seeks confidential and/or privileged information obtained from a third-party that has not authorized Planck to disclose such information.

12.     Any objection asserted in response to any document request or topic designation herein is not a waiver of the general objections set forth above.

### SPECIFIC OBJECTIONS

1.      Please produce all Communications between You and Nova (including Communications to or from attorneys for You or Nova) relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

**RESPONSE:**

>       Planck objects to this Request because it directly and blatantly seeks documents which are protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the work product privilege and the common interest doctrine under both the law of the foreign forum and the federal rules.  Planck further objects that the Request is unduly burdensome.  Subject to its Motion for Protection and the above general and specific objections, and without waiving the same, non-privileged communications between Planck and Nova, if any, will be produced.

2.      Please produce all Communications between You and Sentinel (including Communications to or from attorneys for You or Sentinel) relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

**RESPONSE:**

>       Planck objects to this Request because it directly and blatantly seeks documents which are protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the work product privilege and the common interest doctrine under both the law of the foreign forum and the federal rules.   Planck further objects that the Request is unduly burdensome.  Subject to its Motion for Protection and the above general and specific objections, and without waiving the same, non-privileged communications between Sentinel and Planck, if any, will be produced.

3.      Please produce Documents sufficient to show Sentinel's authority to act on Your behalf(including in the Dutch Litigation), and/or on behalf of Nova, Villiers Holdings, LLC, and/ or Mario Loya, and Documents sufficient to show the legal relationship between Sentinel on the one hand, and You, Nova, Villiers Holdings, LLC and/or Mario Loya on the other hand.

**RESPONSE:**

>       Responsive documents will be produced.

HOU:3383480.1

4.      Please produce all Communications between You and Mario Loya (including Communications to or from attorneys for You or Mario Loya) relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

**RESPONSE:**

> Planck objects to this Request because it directly and blatantly seeks documents which are protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the work product privilege and the common interest doctrine under both the law of the foreign forum and the federal rules.   Planck further objects that the Request is unduly burdensome.  Subject to its Motion for Protection and the above general and specific objections, and without waiving the same, non-privileged communications, if any, between Planck and Mario Loya will be produced.

5.      Please produce all Communications between You and Mario Loya, Villiers Holdings, LLC, Nova and/or Sentinel (including Communications to or from attorneys for You, Mario Loya, Villiers Holdings, LLC, or Sentinel) relating to taxes owed by You or by Nova on direct or indirect income from Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

**RESPONSE:**

> Planck objects to this Request because it directly and blatantly seeks documents which are protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the work product privilege and the common interest doctrine under both the law of the foreign forum and the federal rules.   Planck further objects that the Request is unduly burdensome.  Subject to its Motion for Protection and the above general and specific objections, and without waiving the same, non-privileged communications, if any, between Planck and Mario Loya will be produced.

6.      Please produce all Communications between You and any beneficiaries of Nova (including Communications to or from attorneys for You or any beneficiaries of Nova) relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

**RESPONSE:**

> Planck objects to this Request because it directly and blatantly seeks documents which are protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the work product privilege and the common interest

doctrine under both the law of the foreign forum and the federal rules. Planck further objects that the Request is unduly burdensome. Subject to its Motion for Protection and the above general and specific objections, and without waiving the same, non-privileged communications between Planck and any beneficiaries of Nova will be produced.

7.      Please produce all Communications between You and Villiers Holdings, LLC (including Communications to or from attorneys for You or Villiers Holdings, LLC) relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

**RESPONSE:**

Planck objects to this Request because it directly and blatantly seeks documents which are protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the work product privilege and the common interest doctrine under both the law of the foreign forum and the federal rules. Planck further objects that the Request is unduly burdensome. Subject to its Motion for Protection and the above general and specific objections, and without waiving the same, non-privileged communications between Planck and Villiers Holding, LLC, if any, will be produced.

8.      Please produce all Communications between You, Nova, Sentinel, Mario Loya, and/or Villiers Holdings, LLC, on the one hand, and Stichting Tinsel Group, Tinsel Group S.A., Stichting Administratiekantoor Vitol Holding II, and/or Vitol Holding II S.A. (including Communications to or from attorneys for You, Nova, Sentinel, Mario Loya, Villiers Holdings, LLC, Stichting Tinsel Group, Tinsel Group S.A., Stichting Administratiekantoor Vitol Holding II, or Vitol Holding II S.A.) on the other hand relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

**RESPONSE:**

Responsive documents will be produced.

9.      Please produce Your engagement letters with Andrews Kurth and Lawrence Cohen relating to the Dutch Litigation and/or U.S. proceedings related to the Dutch Litigation.

**RESPONSE:**

Planck objects to this Request because it seeks documents which are protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the work product privilege and the common interest doctrine under

- 6 -

both the law of the foreign forum and the federal rules.  Planck also objects to the Request because it seeks information not relevant to any claim or defense.

10.     Please produce Your Limited Partnership Agreement and any amendments thereto.

**RESPONSE:**

Responsive documents will be produced.

11.     Please produce Your federal and state tax returns for 2005 to present.

**RESPONSE:**

Responsive documents will be produced.

12.     Please produce all Documents obtained from Mario Loya, Miguel Angel Loya, Leticia Loya or any beneficiaries of Nova relating to Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You, whether through previous legal proceedings or any other source. Included in this request are all documents obtained in discovery in the Loya divorce, including documents with Bates number prefixes "LBL," "2ML," "ML," and "VITOL."

**RESPONSE:**

Planck objects to this Request because it seeks documents protected by the attorney-client privilege, the work product privilege and the common interest doctrine.  Planck objects to the Request because it seeks information not relevant to any claim or defense.  Planck further objects that the Request seeks information that is equally or more readily available accessible to the requesting parties in the action.  Additionally, Planck objects because the Request seeks Confidential Information.  Subject to the above general and specific objections, and without waiving the same, responsive documents will be produced after the entry of a confidentiality order.

13.     Please produce all Documents in Your possession purporting to be created or authored by any employee or agent of Tinsel, Vitol, Ernst & Young, and Howard Frazier Barker Elliot.

**RESPONSE:**

Planck objects to the Request because it seeks information not relevant to any claim or defense.  Planck further objects that the Request is unduly burdensome, vague, ambiguous and over broad.  Subject to the general and specific objections, and without waiving the same, responsive documents to the Dutch Litigation

will be produced.  Please also see the documents previously produced In re Planck Investments LP, Case No 1:12-mc-00261, District Court for the District of Columbia; and Case No. 4:12-mc-271, Southern District of Texas.

14.     Please produce all Communications with the Internal Revenue Service from or to You, Nova, Villiers Holdings, LLC, Mario Loya, and/or Sentinel regarding the tax liabilities or potential tax liabilities of Planck and/or Nova.

**RESPONSE:**

Responsive documents will be produced.

15.     Please produce all Communications between You and Miguel Angel Loya, Leticia Bernadette Loya, Keith Swaby, Gilbert Widmer, Jacques Sterken, or any employee of the Vitol group regarding Nova's interest in You, Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

**RESPONSE:**

Planck objects to this Request because it seeks documents protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the work product privilege and the common interest doctrine under both the law of the foreign forum and the federal rules.  Planck further objects that the Request is unduly burdensome.  Subject to its Motion for Protection and the above general and specific objections, and without waiving the same, non-privileged communications will be produced.

16.     Please produce all Documents relating to the value and/or profit-sharing rights of the depositary receipts for shares in Vitol that You transferred to Stichting Tinsel Group.

**RESPONSE:**

Planck objects to this Request because it seeks documents protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the work product privilege and the common interest doctrine under both the law of the foreign forum and the federal rules.  Planck further objects that the Request is unduly burdensome, vague, ambiguous and over broad.  Subject to its Motion for Protection and the above general and specific objections, and without waiving the same, non-privileged Documents will be produced.

HOU:3383480.1

17.     Please produce all Communications related to the 2009 conversion of 75 class S1 shares in the capital of Tinsel for which You held depositary receipts.

**RESPONSE:**

> Planck objects to this Request because it seeks documents protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the work product privilege and the common interest doctrine under both the law of the foreign forum and the federal rules.  Planck further objects that the Request is unduly burdensome, vague, ambiguous and over broad.  Subject to its Motion for Protection and the above general and specific objections, and without waiving the same, non-privileged Documents will be produced.

18.     Please produce all Communications related to the 2011 conversion of 375 class S1 and 75 class RS1-2008 shares in the capital of Tinsel for which You held depositary receipts.

**RESPONSE:**

> Planck objects to this Request because it seeks documents protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the work product privilege and the common interest doctrine under both the law of the foreign forum and the federal rules.  Planck further objects that the Request is unduly burdensome, vague, ambiguous and over broad.  Subject to its Motion for Protection and the above general and specific objections, and without waiving the same, non-privileged Communications will be produced.

19.     Please produce all bills and/or invoices relating to the attorneys' and adviser's fees and other costs You have incurred in the Dutch Litigation, including invoices from Andrews & Kurth, LLP, Lawrence Cohen, Pels Rijcken & Droogleever Fortuijn N.V., Lawrence Gibbs, and PriceWaterhouseCoopers.

**RESPONSE:**

> Planck objects to this Request because it seeks documents protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the work product privilege and the common interest doctrine under both the law of the foreign forum and the federal rules.  Planck objects to the Request because it seeks information not relevant to any claim or defense.  Subject to the above general and specific objections, and without waiving the same, Planck will produce invoices with privileged information redacted that are relevant to the Dutch Litigation.

HOU:3383480.1

20.     Please produce all Documents relating to Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

**RESPONSE:**

> Planck objects to this Request because it seeks documents protected by the Dutch legal privilege (*see* Motion for Protection, V.B), the attorney-client privilege, the work product privilege and the common interest doctrine under both the law of the foreign forum and the federal rules.  Planck further objects that the Request is unduly burdensome, vague, ambiguous and over broad.  Subject to its Motion for Protection and the above general and specific objections, and without waiving the same, responsive non-privileged Documents will be produced.

21.     Please produce the deposition of Miguel Angel Loya dated March 11, 2009.

**RESPONSE:**

> Planck objects that the Request seeks information that is equally or more readily available accessible to the requesting parties in the action.  Additionally, Planck objects because the Request seeks Confidential Information.  Subject to the above general and specific objections, and without waiving the same, the deposition will be produced after the entry of a confidentiality order.

22.     Please produce the Documents in Your possession that were produced to any party in the divorce proceedings between Miguel Angel Loya and Leticia Bernadette Loya that are marked with the Bates number prefix "NT."

**RESPONSE:**

> Planck objects to the Request because it seeks information not relevant to any claim or defense.  Planck further objects that the Request seeks information that is equally or more readily available accessible to the requesting parties in the action.  Additionally, Planck objects because the Request seeks Confidential Information.  Subject to the above general and specific objections, and without waiving the same, responsive Documents will be produced after the entry of a confidentiality order.

23.     Please produce all tax advice and/or tax opinions received regarding You, Nova, Tinsel, Vitol, Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

**RESPONSE:**

> Planck objects to this Request because it seeks documents protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the

work product privilege and the common interest doctrine under both the law of the foreign forum and the federal rules.  Subject to its Motion for Protection and the above general and specific objections, and without waiving the same, non-privileged documents will be produced.

24.    Please produce the Trust Instrument of Settlement for Nova, and any amendments thereto.

**RESPONSE:**

Responsive documents will be produced.

25.    Please produce the Articles of Incorporation for Villiers Holdings, LLC, its Regulations or Bylaws, and any amendments or additions thereto.

**RESPONSE:**

Responsive documents will be produced.

26.    Please produce all Documents related to the tax liabilities related to Nova's interest in You and Your interest in Tinsel and/or Vitol, and/or the depositary receipts for shares in Tinsel and/or Vitol held by You.

**RESPONSE:**

Planck objects to this Request because it seeks documents protected by the Dutch legal privilege (*see* Motion for Protection, V.B.), the attorney-client privilege, the work product privilege and the common interest doctrine under both the law of the foreign forum and the federal rules.  Subject to its Motion for Protection and the above general and specific objections, and without waiving the same, non-privileged documents will be produced.

HOU:3383480.1

Dated January 10, 2014                    Respectfully submitted,


                                          By: *s/Georgia L. Lucier*

OF COUNSEL:                                    Georgia L. Lucier (#589122)
                                              Texas Bar No. 24043523
William T. Miller (#1667)                     ANDREWS KURTH LLP
Texas Bar No. 14122000                        600 Travis Street, Suite 4200
James Edward Maloney (#1419)                  Houston, TX 77002
Texas Bar No. 12881500                        Telephone: (713) 220-4177
ANDREWS KURTH LLP                             Facsimile: (713) 238-7349
600 Travis, Suite 4200                        georgialucier@andrewskurth.com
Houston, TX  77002
Telephone: (713) 220-4200                     ATTORNEY-IN-CHARGE FOR
Facsimile: (713) 220-4285                     PLANCK INVESTMENTS, L.P.
williammiller@andrewskurth.com            .
jamesmaloney@andrewskurth.com


## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2014, I electronically served this document on all counsel of record via the Court's CM/ECF system.


                                          *s/ Georgia L. Lucier*
                                          Georgia L. Lucier


- 12 -